Argued December 10, 1969, affirmed September 11, 1970

DABOLING, *Respondent, v.* BECK ET AL,
*Appellants.*
474 P2d 322

*Leo Levenson,* Portland, argued the cause for appellants. With him on the brief were Husband, Johnson & Frye, Eugene.

*Robert G. Ringo,* Corvallis, argued the cause for respondent. On the brief were Bick, Monte, Joseph & McCool, Eugene, and Ringo, Walton & McClain, Corvallis.

Before Perry,* Chief Justice, and McAllister, Sloan, O'Connell, Denecke and Holman, Justices.

HOLMAN, J.

Plaintiff brought an action against the defendants for both assault and battery and false imprisonment. He asked for general and punitive damages in each cause of action. The jury returned a verdict for plaintiff for general damages upon each cause of action, but awarded no punitive damages. The defendants appealed from the judgment entered on the verdict.

After verdict, the facts must now be considered in the light most favorable to the plaintiff. A rifle belonging to plaintiff and his father was stolen from the home of the latter. The police were notified of the theft and later the rifle was discovered in the sporting goods department of Eugene Surplus Sales, which was operated by the defendant Weinstein and in which the defendant Beck was a clerk. The rifle had been purchased for the store by Beck, who at that time had no knowledge that the rifle had been stolen. Two brothers by the name of Dent were then charged with the theft. One was tried and acquitted. The case against the other brother was then dismissed.

After the criminal matters were disposed of, plaintiff went to the store and demanded the rifle. The plaintiff was advised by the defendant Beck that he could have it on payment of $25. Without tendering any money, plaintiff walked rapidly away from the store with the rifle. He was overtaken outside the store by both defendants, and his person seized. He was returned to the store and the rifle taken from him.

---

* Perry, C.J., retired June 1, 1970.

■ The defendants take the position that the trial court erred in overruling each of the defendants' motions for an involuntary nonsuit and for a directed verdict. Defendants contend that, as a matter of law, they were reasonably justified in believing that plaintiff was unlawfully taking their property, and plaintiff, therefore, failed to prove a cause of action. The basis for the contention is that plaintiff did not identify himself when he took possession of the rifle and walked out with it. We are not going to encumber this opinion with a complete review of the testimony. However, there is ample evidence from which the jury could have found that plaintiff did identify himself and that Beck had had many previous contacts with him by reason of the criminal action against the Dents and knew him and his purpose in coming into the store. Therefore, we hold that the trial court correctly denied the defendants' motions.

Defendants also contend that the trial court unduly restricted them in their cross-examination of the plaintiff and of his witnesses. An examination of the record discloses that, in most instances, either the evidence eventually came in anyway or the questions were improperly phrased. In a few other situations, the cross-examination was restricted to a greater extent than was proper, but we believe no error resulted which would require a reversal of the judgment.

Defendants next contend that the trial court erred in admitting, over defendants' objection, evidence of their separate financial worth. Their position is that, where there is a plurality of defendants, evidence of individual or collective financial status on the issue of exemplary damages is not admissible because a single verdict must be returned against all defendants. They contend that the admis-

sion of such evidence permits an individual to be punished on the basis of wealth other than his own.

■■ The admission of the evidence could not have been prejudicial insofar as punitive damages were concerned, because no punitive damages were awarded. Defendants argue that the jury was not told that its consideration of the evidence of defendants' wealth should be limited to punitive damages and that they were, therefore, prejudiced by the jury's consideration of the evidence in the allowance of actual damages. Defendants are in no position to take advantage of such an argument because they did not ask for an instruction so limiting the jury's consideration of the evidence after the court overruled their objection and let the evidence in, nor did they call the trial court's attention to this particular error in any other manner. The defendants cite *Washington Gaslight Co. v. Lansden*, 172 US 534, 19 S Ct 296, 43 L Ed 543 (1899), which holds to the contrary. We do not agree with that opinion.

■ Defendants contend the court erred in admitting evidence of the financial worth of a corporation in which the stock was either owned by the defendant Weinstein or under contract of sale to him. Evidence of the wealth of the corporation would reflect the wealth of Weinstein. This assignment of error was disposed of by what was said concerning the prior assignment.

■ Defendants claim the court erred in failing to give an instruction in accordance with ORS 41.360 (11) to the effect that it is presumed at law that property in the possession of a person is owned by him. In the form it was requested, such an instruction could have been relevant only to the ownership of the rifle by

Eugene Surplus Sales. During the trial, defendants' counsel conceded the rifle had been stolen. Therefore, there could be no issue concerning its ownership by the business operated by Weinstein, and the requested instruction was correctly deemed inappropriate.

■ Defendants also claim error in that the court failed to give a requested instruction concerning the right of a person in possession to defend property. The court properly rejected the requested instruction, because it had language in it which amounted to a directed verdict in favor of defendants. In addition, the court covered the subject in another instruction which it did give.

■ Plaintiff requested written instructions. Defendants' last assignment of error claims the instructions were not read to the jury in the same form they were submitted to it in writing. The words, "of property," were omitted when the instructions were read, whereas the instructions as written were, "[o]rdinarily the one in lawful possession *of property* in the exercise of his inherent right to protect same * * *." The omission was not prejudicial because the meaning was clear despite the omission.

The judgment of the trial court is affirmed.